UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 18-3266 JJO

UNITED STATES OF AMERICA

vs.

ALFREDO SARDINAS-GARCIA,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  \_\_X\_\_ No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  \_\_X\_\_ No.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

BY: _____
Thomas A. Watts-FitzGerald
Assistant United States Attorney
Florida Bar No. 0273538
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9413

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| ALFREDO SARDINAS-GARCIA, | ) Case No. 18-3266 JJO |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 22, 2018__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 16 U.S.C. 3372 (a)(1) | Transport, receipt, and acquisition of fish and wildlife possessed and transported in violation of laws and regulations of the U.S. |

This criminal complaint is based on these facts:
PLEASE SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

NPS Ranger Robert C. MacKarvich
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/23/2018

_____
*Judge's signature*

City and state: Miami, Florida

MAGISTRATE JUDGE JOHN J. O'SULLIVAN
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Robert C. MacKarvich, being first duly sworn, depose and state as follows:

1. I am a National Park Service (NPS) Ranger of the United States Department of the Interior, and am therefore an "investigative or law enforcement officer" of the United States within the meaning of Title 16, United States Code, Section 3375. As such, I am a Federal Law Enforcement Officer within the meaning of Rule 41(a), Federal Rules of Criminal Procedure and have held such designation since 2010. I am currently assigned to Biscayne National Park as the Supervisory U.S. Park Ranger, and prior to this assignment I was a field officer at Biscayne National Park and a field officer at Big Cypress National Preserve. I have received specialized training for law enforcement officers while I attended Northern Arizona University Seasonal Law Enforcement Academy, from which I graduated in November of 2008. I have a Bachelor's degree in Criminal Justice from Florida International University and Master of Science degree in Criminal Justice and Security from University of Phoenix. I attended the Federal Law Enforcement Training Center (FLETC) at Glynco, GA, and graduated in March of 2013. I am currently an instructor for Interdisciplinary Resource Protection and Law Training that is administered through the National Park Service. I have become familiar with the facts and circumstances contained herein during the course of my official duties and this affidavit is based on my personal knowledge, as well as facts related to me by other law enforcement active in this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause for issuance of a criminal complaint charging **ALFREDO**

1

**SARDINAS-GARCIA**, it does not contain all of the information known to me concerning this investigation; it contains only those facts necessary to establish probable cause for the arrest.

2. Based on my training and experience, I am familiar with the laws and regulations primarily enforced by the NPS, upon the National Parks and Preserves within the jurisdiction of the Department of the Interior. I am also familiar with the laws and regulations of the State of Florida related to the harvest, possession, transportation, and sale of marine resources within the waters of the State, as well as the assimilation of many of those same laws for the lands and waters administered by the National Park Service.

3. I am making this affidavit in support of an application for a criminal complaint for **ALFREDO SARDINAS-GARCIA**, for violations of the following laws: Title 16, United States Code, Sections 3372(a)(1) and 3372(d) (the Lacey Act).

4. The information in this affidavit is based on: (1) NPS Rangers seizures of illegally possessed spiny lobsters (*Panulurus argus*); (2) illegally possessed Florida stone crab claws seized in connection with this matter; (3) other wildlife and materials seized in connection with the case; and, (4) statements of the defendant.

## Legal Background

5. The Lacey Act, 16 USC § 3372(a)(l), makes it unlawful for any person to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States.

6. Title 18, United States Code, Section 13(a), commonly referred to as the Assimilated Crimes Act, permits the application of substantive State criminal law in areas of

federal reserves, as defined in Title 18, United States Code, Section 7, in the absence of a directly applicable federal enactment. Additionally, Title 36, Code of Federal Regulations, Section 2.3(a) specifically mandates that fishing in National Park waters must be conducted in accordance with the laws and regulations of the State within which the boundaries of the Park are located.

7. It is illegal under the laws and regulations of the State of Florida to possess wrung lobster tails on a vessel while on or under the waters of the State [Florida Administrative Code, Section. 68B-24.003(4)], to possess egg-bearing spiny lobster [Florida Administrative Code, Section 68B-24.007(1)]; and to possess undersized spiny lobster [Florida Administrative Code, Section 68B-24.003(1)].

8. On August 22, 2018 at approximately 15:25 hours while exercising my duties as a federal law enforcement officer within the boundaries of Biscayne National Park, Miami-Dade County, in the Southern District of Florida, which is an area of concurrent jurisdiction, I observed a commercial fishing vessel (FL 2718 SH, " SILVITA") ocean-side of Biscayne Channel traveling from south to north. I activated my emergency lights and as authorized by 36 CFR 2.3(f), I conducted a marine fisheries inspection of the vessel.

9. Your Affiant identified himself and began conducting an inspection of the vessel. Upon boarding the commercial vessel, a holding pen / live well full of live spiny lobster was in plain view. I identified the captain of the vessel as **ALFREDO SARINAS GARCIA** (which was later confirmed by his FL DL S635-000-75-366-0). **SARINAS GARCIA** advised he was the captain of the commercial vessel. Biscayne Chief Ranger Bradon Falls, who accompanied your Affiant, asked if **SARINAS GARCIA** was done commercial fishing for the day and heading back to the dock. **SARINAS GARCIA** stated that he was finished and heading in. Your Affiant

3

requested the vessel's Special Product License and Crawfish Endorsement that are issued by the Florida Fish and Wildlife Conservation Commission. The vessel was properly licensed under Florida law to conduct lobstering activities, including in the Park.

10. As your Affiant approached the live well, a plastic container with three spiny lobster and what appeared to be an undersized Mutton Snapper was in view. Upon measurement of the lobsters using both a gauge brought by your Affiant and the lobster gauge on the commercial fishing vessel, it was determined that the carapace of one lobster was found to be less than the legally required 3 inches. Measurement of the Mutton Snapper revealed it to be less than the required 18 inches in length. Continuing the regulatory inspection of the spiny lobster contained in the live well for legal compliance, it was determined that approximately 28 of the spiny lobster were less than the required carapace length of 3 inches.

11. Chief Falls conducted a further examination of safety equipment and other holding compartments on the commercial fishing vessel, commonly known to hold salt-water products. During the inspection, Chief Falls discovered a red bag containing wrung spiny lobster tails that was hidden in the forwarded bulkhead area, underneath life jackets. Upon inspection of the red bag, it was found to contain 231 wrung spiny lobster tails of which 209 were undersized (less than the legally mandated tail length of 5 ½ inches) and 2 egg-bearing wrung lobster tails.

12. ALFREDO SARINAS GARCIA was transported to Park Headquarters at Convoy Point, where he executed a written waiver of his Miranda rights and responded to questions. He stated that he had been lobstering that day in the area approximately three miles south of Fowey Rocks, in 15 to 20 feet of water. Your Affiant is aware that the boundary of Biscayne National Park is extends seaward to the 60-foot bathymetric line, indicating that the marine resources at issue were taken within Park waters. He further advised that it was his intent to sell the lobster

tails. He further indicated his awareness of the requirements of Florida law regarding the size limitations.

## Conclusion

13. Based on my training and experience and the facts set forth in this affidavit, your Affiant submits that probable cause exists to believe that **ALFREDO SARDINAS-GARCIA** acquired, received, possessed, and transported fish and wildlife taken, possessed, and transported in violation of the laws and regulations of the United States, as more fully described, *supra*.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
Robert C. MacKarvich
National Park Service Ranger

Subscribed and sworn to before me,
this __23rd__ day of August, 2018,
at Miami, Florida

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

5